UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA MORAN, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:19-cv-02592 |
| TOWER HILL SIGNATURE INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

### DEFENDANT TOWER HILL SIGNATURE INSURANCE COMPANY'S
### <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1441, Defendant Tower Hill Signature Insurance Company ("Tower Hill" or "Defendant") hereby removes the action styled and numbered 2019-40104, currently pending in the 295th Judicial District Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.  THE STATE COURT ACTION

1. On June 11, 2019, Plaintiff Maria Moran ("Moran" or "Plaintiff") commenced this lawsuit by filing her Original Petition ("Original Petition") in the 295th Judicial District Court, Harris County, Texas, Cause Number 2019-40104. Plaintiff's Original Petition is attached as **Exhibit C** to this Notice of Removal.

2. This action concerns alleged non-payment or under-payment of property insurance benefits from an insurance policy purchased from Tower Hill.  The Plaintiff claims Tower Hill owes these benefits because of loss sustained to Plaintiff's insured property on or about August 25–29, 2017.

3. Plaintiff's Original Petition alleges causes of action against Tower Hill for breach of contract, violations of the Texas Insurance Code and Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing.

## II.     TOWER HILL'S NOTICE OF REMOVAL IS TIMELY

4. Tower Hill was served with the Original Petition and citation on June 18, 2019 by delivery through C T Corporation System. The citation is attached as **Exhibit B** to this Notice of Removal. Accordingly, Tower Hill files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## III.    VENUE IS PROPER

5. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. §§ 124(b)(2) and 1441(a) because this district and division embrace the place where the removed action has been pending.

## IV.    BASIS FOR REMOVAL JURISDICTION

6. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court for which the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Tower Hill, and the amount in controversy exceeds $75,000 excluding interest and costs.

7. In Plaintiff's Original Petition, Plaintiff states that she is a resident of Harris County, Texas.[1]

---

[1]   See **Exhibit C** at ¶ 1.

8. Tower Hill was at the time this lawsuit was filed, and at the date of this Notice remains, a foreign corporation organized under the laws of Florida, with its principal place of business in Florida. Thus, Tower Hill is a citizen of Florida for diversity jurisdiction purposes.

9. Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendant.

## V.   AMOUNT IN CONTROVERSY

10. If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, Tower Hill's burden is satisfied.[2]

11. When removal is premised upon diversity jurisdiction and the parties dispute whether the amount in controversy exceeds $75,000, courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[3]

12. Plaintiff's Original Petition states that she seeks damages over $100,000 but not more than $200,000.[4]

13. Thus, Plaintiff's claims exceed the jurisdictional minimum of $75,000.00. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## VI.   CONCLUSION

14. For the reasons mentioned above, because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, removal of this action is proper under 28 U.S.C. § 1332(a).

---

[2]   *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[3]   *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[4]   See **Exhibit C** at ¶ 4.

15. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of the 295th Judicial District Court, Harris County, Texas.

16. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

17. All pleadings, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a).

18. In compliance with Local Rule 81, the following documents are attached:

    A.    Index of Matters Being Filed with Notice of Removal—identified as Exhibit A;

    B.    All executed process in the case—identified as Exhibit B;

    C.    Plaintiff's Original Petition—identified as Exhibit C;

    D.    Defendant's Original Answer— identified as Exhibit D;

    E.    a copy of the docket sheet in the state court action—identified as Exhibit E;

    F.    A list of all counsel of record, including addresses, telephone numbers and parties represented—identified as Exhibit F.

WHEREFORE, Defendant Tower Hill Signature Insurance Company requests that this action be removed from the 295th Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By:    */s/ Eric K. Bowers*
     Eric K. Bowers, *Attorney-in-Charge*
     Texas Bar No. 24045538
     Southern District of Texas Bar No. 658370

>ebowers@zelle.com
>Steven J. Badger, *Counsel*
>Texas Bar No. 01499050
>Southern District of Texas Bar No. 27659
>sjbdocket@zelle.com
>Michael P. O'Brien, *Counsel*
>Texas Bar No. 24103418
>Southern District of Texas Bar No. 3338567
>mobrien@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT**
<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing Notice of Removal was served on all counsel of record on July 17, 2019, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE, as follows:

Richard D. Daly
rdaly@dalyblack.com
ecfs@dalyblack.com
Texas State Bar No. 00796429
Aaron Bender
abender@dalyblack.com
Texas State Bar No. 24101502
**DALY & BLACK, P.C.**
2211 Norfolk St., Suite 800
Houston, Texas 77098
Telephone:    713-655-1405
Facsimile:    713-655-1587
*Attorneys for Plaintiff*

                                                  */s/ Eric K. Bowers*
                                                    Eric K. Bowers